**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FILED

2010 SEP 21  AM 11: 23

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

PATRICIA GAY SMITH

Plaintiff

CASE NO:

3: 10-cv-862-J-20TEM

v.

ENCORE CAPITAL GROUP, INC. a Delaware
Corporation d/b/a MIDLAND CREDIT
MANAGEMENT, INC., a Kansas Corporation

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Patricia Gay Smith ("'Plaintiff') sues Encore Capital Group, Inc. ("Encore") d/b/a
Midland Credit Management. Inc. ("MCM") and avers:

### I. INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff,
Patricia Gay Smith, an individual consumer, against the Defendants to redress violations of the
Fair Debt Collection Practices Act, 15 U.S.C. § 1592 *et. seq.* (hereinafter referred to as
"FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.*
(hereafter referred to as ""FCCPA"), which, among other things, prohibits debt collectors from
engaging in abusive, deceptive, and unfair debt collection practices; as well as declaratory and
injunctive relief pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.
501.204 *et. seq.* ("FDUTPA"). The violations center around debt collection calls, letters, and
other attempts to collect a debt that is legally unenforceable by virtue of a discharge order
entered by the Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

### II. PARTIES

2. Plaintiff is a natural person residing at ▮▮▮▮▮▮▮▮▮▮▮▮, Jacksonville, Florida
32257.  At all times material, Plaintiff has resided in Jacksonville, Duval County, Florida.
Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. § 1692a.

3. Defendant Encore Capital Group, Inc. ("Encore") through its subsidiary, Midland
Credit Management, Inc. ("MCM"), is a systems-driven purchaser and manager of charged-off

consumer receivable portfolios and provider of bankruptcy services to the finance industry. Based upon the ongoing analysis of these accounts, Encore and/or MCM employ a dynamic mix of collection strategies to maximize their return on investment. The receivable portfolios purchased by Encore and MCM consist primarily of unsecured, charged-off domestic consumer credit card receivables purchased from national financial institutions, major retail credit corporations, and resellers of such portfolios, and such portfolios included a certain receivable once owed but is no longer owed by the Plaintiff (i.e. the Debt - as defined below). Encore is a Delaware corporation and MCM is a Kansas corporation maintaining as their principal place of business 8875 Aero Drive, Suite #200, San Diego, California, 92123 and have engaged and are continuing to engage in collections activity in the state of Florida.

4. MCM is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § *1692a*.

### III. JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1337 and 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that Encore and MCM transact business in Jacksonville, Duval County, Florida.

### IV. FACTUAL ALLEGATIONS

6. On January 11, 2010 (the "Petition Date"). Patricia Gay Smith filed her petition for relief under Title 11 of Chapter 7 of the United States Code (the "Bankruptcy Code") giving rise to the bankruptcy case styled *In re Smith. Case No. 10-bk-00147-PMG* (the "Bankruptcy Case") that was pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").

7. Although having very limited resources due, in part, to her deteriorating financial condition. Ms. Smith were able to file her Bankruptcy Case in an effort to obtain among other relief contemplated by the Bankruptcy Code i) protection under 11 U.S.C.§ 362 to prevent continued collection efforts by creditors and debt collectors; ii) obtain from the Bankruptcy Court an order of discharge pursuant 1 U.S.C.§ 727; and iii) obtain a financial "fresh start" enabling Ms. Smith to create wealth in the future and to become financially self-sufficient and free from pre-petition date obligations that would be, if all requirements under Chapter 7 of the Bankruptcy Code were met, discharged by order of the Bankruptcy Court.

8. As required by the Bankruptcy Code, Ms. Smith filed her schedules,

lists and statements in her Bankruptcy Case, which reflected a $2,030.00 debt (the "Debt") owed to Chase as an unsecured creditor on her Schedule F of the Official Bankruptcy Forms. The bankruptcy schedules also listed multiple addresses for Chase as well as an address for Law Offices G. Reynolds Sims & Associates which was collecting on behalf of Chase. A copy of that portion of Schedule F reflecting Chase as an unsecured creditor is attached hereto. and incorporated herein as **Exhibit A**.

9. Shortly after the Petition Date, Chase was mailed the Notice of Chapter 7 Case, Meeting of Creditors and Deadlines entered in the Bankruptcy Case (the "Notice of Commencement"). A copy of the certificate of service filed by the Bankruptcy Noticing Center ("BNC") evidencing that the Notice of Commencement had been sent to Chase is attached hereto and incorporated herein as **Exhibit B**.

10. Chase had actual knowledge that the Bankruptcy Case had been commenced, that the automatic stay had been imposed, and any distribution of monies owed on account of the Debt would be decided by the Bankruptcy Court, unless on that rare occasion, the Bankruptcy Case would have been dismissed prior to any determination of dischargeability of any debt.

11. The Plaintiff is informed and believes and therefore alleges that Chase sold, transferred, or otherwise assigned the Debt to Encore d/b/a MCM, or another debt collector, or MCM's predecessor-in-interest and/or assignor on or immediately after January 14, 2010.

12. Chase knew, when it sold, transferred or otherwise assigned the Debt, that the contractual rights giving rise to the Debt would be altered and that any right to collect the Debt (if any) after the petition date would depend on whether the Plaintiff would be granted a discharge by the Bankruptcy Court.

13. Meanwhile, on February 25, 2010, the U.S. Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Neither Chase nor Encore appeared at the Meeting of Creditors.

14. On May 7, 2010 the Bankruptcy Court entered a Discharge of Debtor (the "Discharge Order") in the Bankruptcy Case pursuant to section 727 of the Bankruptcy Code. A copy of the Discharge Order is attached hereto and incorporated herein as **Exhibit C**.

15. The Discharge Order discharged the Plaintiff from her obligation to pay, among other debts, the Debt.

16. Chase knew the Discharge Order had been entered in the Bankruptcy Case. A copy of the certificate of service evidencing that the Discharge Order had been sent is attached hereto and incorporated herein as **Exhibit D**.

17. Chase had actual notice that the Bankruptcy Case had been commenced and by information and belief Plaintiff alleges Encore and MCM had access to and/or otherwise utilized one or more national bankruptcy databases containing complete information on all bankruptcy filings, discharges, dismissals and conversions in the United States, such as BANKO ® or other similar databases commonly used in the debt collection industry.

18. Despite the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §362, and in further degradation of the orders of the Bankruptcy Court, the Bankruptcy Code, and the FDCPA, FCCPA, and FDUTPA, Chase sold, assigned, or otherwise transferred the Debt.

19. Chase knew when it had sold, assigned, or otherwise transferred the Debt that any actions to collect the Debt would violate the Bankruptcy Code, the FDCPA, the FCCPA and the FDUTPA.

20. Encore d/b/a MCM purchased the Debt and knew that the Debt had been discharged by virtue of the Discharge Order by utilizing one or more national bankruptcy databases containing complete information on all bankruptcy filings, discharges, dismissals and conversions in the United States, such as BANKO ® or other similar databases commonly used in the debt collection industry.

21. The Plaintiff is informed and believes and therefore alleges that Encore d/b/a MCM purposefully re-aged the receivable represented by the Debt, disguised the Debt by reassigning an account number different than what Chase had assigned to identify the Debt in an effort to artificially create value in what was in actuality an unenforceable and uncollectable receivable.

22. With full knowledge that the Debt had been discharged, Chase transmitted the Plaintiff's account information using the U.S. Mails or other electronic communication to MCM, or MCM's predecessors-in-interest or assignors.

23. Despite the Discharge Order and the attendant injunction the Discharge Order represents, and in further degradation of the orders of the Bankruptcy Court, the Bankruptcy Code, and the FDCPA, FCCPA, and FDUTPA, Encore d/b/a MCM sent deceptive letters to the Plaintiff. One such letter stated that MCM "would like to find a positive resolution to your account" and that they can offer "a discount of 10% off your current balance if we receive payment by 10-20-2010" and further state "What's in it for you? Once MCM receives your

payment of $2,105.86, we will: Notify the credit bureaus that the debt is "Paid in Full" and Immediately stop all recovery activity on this account" - thereby misrepresenting actions as to defaming Plaintiff's credit when MCM had no intention to do so and thusly attempting to fraudulently induce the Plaintiff to enter into an agreement to pay the Debt, which MCM knew was not owed.  A copy of one of the MCM Collection Letters is attached hereto and incorporated herein as **Exhibit E**.

24. The MCM Collection Letter misrepresented the nature and character of the Debt as evaluated from the least sophisticated consumer when MCM knew that the obligation to pay the Debt had been discharged and the Plaintiff did not owe the Debt.

25. By information and belief, Encore d/b/a MCM did not send a validation letter to the Plaintiff prior to sending any MCM Collection Letters or make any other attempts to communicate with the Plaintiff.

26. Without the Plaintiff's consent, MCM called the Plaintiff at her residence and harassed her regarding the previously discharged debt.  Once the Plaintiff again informed the collector that she had filed bankruptcy his tone increased and he continued the call requesting the debt be paid.

### V. CLAIMS FOR RELIEF

### COUNT I
### FDCPA VIOLATIONS

27. Plaintiff realleges paragraphs (1) one through (26) twenty-six herein.

28. Encore d/b/a MCM violated the FDCPA. MCM's violations include, but are not limited to, the following:

i) MCM contacted the Plaintiff directly when MCM knew the Plaintiff had all the while been represented by an attorney in connection with the Debt and such attorney was readily accessible, thereby violating 15 U.S.C. § 1692c(a)(2).

ii) MCM misrepresented the imminence and necessity of the Plaintiff's action and the consequence inaction would have on her consumer bureau reports, thereby violating 15 U.S.C. § *1692e(5)* and (10).

iii) MCM falsely represented the character amount and legal status of the debt, thereby violating 15 U.S.C. § *1692e(2)*.

iv) MCM sent the MCM Collection Letters without first informing the Plaintiff of his validation rights, thereby violating 15 U.S.C. § *1692g(a)(4)*.

v) MCM through the MCM Collection Letters, among other communications and correspondence threatened actions and non-actions that cannot legally be taken or that was not intended to be taken by MCM thereby violating 15 U.S.C. § *1692e(4)*.

vi) MCM engaged in conduct, the natural consequence of which was to harass, oppress, or abuse the Plaintiff, by causing the Plaintiff's phone to ring repeatedly in an attempt to collect the Debt, which MCM knew or should have known was not owed, thereby violating 15 U.S.C. § 1*692d(5)*.

vii) MCM caused charges to be made to the Plaintiff, or threatened that such charges will be added to the Debt, when MCM knew or should have known that the Plaintiff did not owe the Debt, thereby violating 15 U.S.C. § *1692j(1) and f(5)*.

29. MCM violated the provisions of the FDCPA, and is resultingly liable to the Plaintiff for actual damages, statutory damages, and reimbursement of her attorney's fees and costs associated with filing this action.

## COUNT II
## FCCPA VIOLATIONS

30. Plaintiff realleges paragraphs (1) one through (26) twenty-six herein.

31. Encore d/b/a MCM has violated the FCCPA.  MCM violations include, but are not limited to:

i) MCM contacted the Plaintiff directly when MCM knew the Plaintiff had all the while been represented by an attorney in connection with the Debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

ii) MCM attempted to collect the Debt that was known not to be owed by virtue of the order of the Bankruptcy Court discharging the Plaintiff from the debt MCM sought to collect, thereby violating § 559.72(9) of the FCCPA.

32. Pursuant to Florida Statute. § 559.77, Encore d/b/a MCM is liable to the Plaintiff for actual damages. statutory damages, and reimbursement attorneys' fees and costs associated with filing and prosecuting this action.

## COUNT III
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF PURSUANT TO THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

33. Plaintiff realleges paragraphs (1) one through (26) twenty-six herein.

34. Encore d/b/a MCM had full knowledge that any actions, practices or methods employed by Encore or MCM to collect the Debt would violate the Bankruptcy Code, the FDCPA, and the FCCPA.

35. Encore together with MCM engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce that are declared unlawful by the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et. seq.*, incorporating 15 U.S.C. § *1692*, which states, in pertinent part: "For purpose of the exercise by the Commission of its functions and powers under the Federal Trade Commission Act [15 U.S.C. 41 et seq.], a violation of [the FDCPA] shall be deemed an unfair or deceptive act or practice in violation of that Act."

36. Fla. Stat. § 501.204 (2) states: ··It is the intent of the Legislature that, in construing subsection [50 1.204 (1)], due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)( 1) of the Federal Trade Commission Act. 15 U.S.C. s. 45(a)(1) as of July 1, 2006."

37. The Plaintiff is a person "aggrieved" by the Defendant's violations of the FDCPA, the FCCPA, and the Bankruptcy Code as alleged in paragraphs (1) one through (26) twenty-six above.

WHEREFORE, Plaintiff respectfully prays for i) declaratory judgment in his favor finding Encore d/b/a MCM violated the above stated provisions of the FDCPA and the FCCPA, as well as the FDUTPA; ii) an award of actual, statutory damages, and punitive damages; iv) an award equal to any and all attorneys' fees and costs associated with bringing this action; and v) any and all other relief that the Court deems necessary and just.

Plaintiff demands a jury trial on all issues so triable.

DATED this 20th day of September, 2010.

By: 
Jason A. Burgess
Florida Bar No. 40757
Keith D. Collier
Florida Bar No. 63371
2350 Park Street
Jacksonville. FL 32204
(904) 981-8100
(904) 981-8015 FAX
jason@jasonaburgess.com